*296 ON APPLICATION FOR READMISSION
PER CURIAM.
11 This proceeding arises out of an application for readmission filed by petitioner, Christopher Suba, an attorney whose conditional admission to the practice of law in Louisiana was revoked in 2004.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Petitioner disclosed three alcohol-related arrests on his application to take the July 2003 Louisiana bar examination. Thereafter, we conditionally admitted him to the practice of law, subject to a two-year period of probation, during which he was required to comply with the terms of his contract with the Lawyers Assistance Program (“LAP”). In re: Suba, 03-2795 (La.10/9/03), 856 So.2d 1202. On October 14, 2004, we revoked petitioner’s conditional admission after he violated the terms of his LAP contract by using cocaine, drinking alcohol, and missing Alcoholics Anonymous meetings, among other things. In re: Suba, 04-1766 (La.10/14/04), 884 So.2d 559.
Petitioner subsequently filed an application for readmission with the disciplinary board, alleging he has complied with the readmission criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel took no position regarding the application for readmission. Accordingly, the matter was referred for a formal hearing before a hearing committee.
| ¡.Following the hearing, the hearing committee recommended that petitioner be readmitted to the practice of law, with the following conditions:
1. Petitioner must refrain from all use of alcohol and illegal drugs and refrain from abusing prescription and non-prescription medication;
2. Petitioner must enter into a LAP contract to extend the life of his present LAP contractual obligations for a period of five years, commencing from the date his readmission is approved by the court. Additionally, the terms of the LAP contract shall include all of the usual and customary provisions as they pertain to monitoring for the use/abuse of alcohol and illegal drugs;
3. Petitioner shall be subject to random alcohol and drug testing by LAP at his cost and expense during the above period;
4. Petitioner shall continue his treatment with Dr. Paul Dammers (or another health care professional ac *297 ceptable to LAP) and provide LAP with Dr. Dammers’ reports as requested;
5. Petitioner shall be on probation for a period of three years from the date his readmission is approved by the court and he shall be monitored by the ODC under terms discretionary with his probation monitor;
6. Any violation of the terms or conditions of this readmission shall result in a motion to revoke petitioner’s readmission with an expedited hearing to be conducted by the disciplinary board in a summary fashion as directed by the board; and
7. Petitioner shall pay all costs of these proceedings.
Neither petitioner nor the ODC filed an objection to the hearing committee’s recommendation.
After considering the record in its entirety, we will adopt the committee’s recommendation and readmit petitioner to the practice of law. As found by the | ¡¡committee, the record provides clear and convincing evidence of petitioner’s compliance with the readmission criteria. In particular, the record supports the finding that petitioner has not practiced law or engaged in additional misconduct since his conditional admission was revoked. He has kept informed about recent developments in the law and has acknowledged the wrongfulness and seriousness of the conduct that led to the revocation of his conditional admission. Most significantly, petitioner has shown that he has been alcohol and drug free for more than one year and is likely to remain so given his dedicated adherence to his LAP contract. Under these circumstances, we find petitioner has shown that he possesses the requisite competence, honesty, and integrity to be readmitted to the practice of law. Accordingly, we will readmit petitioner to the practice of law, subject to a five-year period of probation to coincide with a newly-executed five-year LAP contract. In all other respects, petitioner’s readmission shall be subject to the conditions recommended by the hearing committee.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Christopher Suba, Louisiana Bar Roll number 28832, be immediately readmitted to the practice of law in Louisiana, subject to the conditions set forth in this opinion. All costs of these proceedings are assessed against petitioner.